May it please the court, my name is Wayne Young. I represent the habeas petition of Martinez. This is the equitable polling case. Or an equitable polling case. One of many, I'm sure, that recur. A petitioner seeking equitable polling must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way. Now, Martinez was diligent. He was late. He was 13 days late. But over the period of several years, he did a direct appeal, timely, petition for review, three state habeas petitions, and his first 2254 petition before filing this one. So he meets the diligent test. The more difficult issue is whether he meets the extraordinary circumstances. Now, one of the courts below said that it wasn't diligent because he waited 229 days to pursue his state collateral relief. Is that incorrect? Well, he did wait 229 days, but the state found, are you referring, I'm sorry, Your Honor, to the state petitions or to the first 2254 petition? The state found that the three state habeas petitions were all timely filed. So the 229 days, I guess, goes to the first 2254 petition. But that's certainly well within the year that he's required, so I'm not sure that that represents a lack of diligence, especially for someone who at this point is now proceeding pro se without the assistance of counsel and shifting gears from a state court petition to a 2254 petition, which has all these other procedural hurdles. And our argument is that he also showed the extraordinary circumstances stood in the way of a timely filing. He claimed that he was locked down, and that was in the three months directly preceding the due date, and he made specific claims about why the lockdown presented a timely filing. He argued that he was denied access to the law library, denied access to legal materials, denied access to the 2254 forms on which these petitions are submitted, and denied access to his personal file. Now, it seemed that he filed his habeas petition, I guess, on September 15th, but the allegation is that he lacked access to the law library during lockdown from May 31st to September 30th. So it appeared to me from the record that he had filed the habeas while he was in lockdown. Is that correct? It appears to be, Your Honor. So why is it then that being in lockdown is an excuse since he was able to file during that period? Well, he did the best he could, but facing all these procedural hurdles, it's reasonable that he couldn't get it done in a timely fashion. You know, he said he didn't have the forms, he didn't have access to the materials. He did finally get it in 13 days late. On the form? On the form. And again, he was locked down, but it's not clear, and it's why he requested an evidentiary hearing, what he could get and what he couldn't get. Apparently, he had access to some legal materials. And the government argues, well, he just refiled his state petition, and he was able to do it while he was during this lockdown period. So why was he prevented? What were the extraordinary circumstances? Because the federal petition is significantly different than the state petition. That had been filed, the last state petition had been filed more than a year earlier. Assuming he doesn't have that, he's got to recall that it included four arguments about ineffective assistance of trial and appellate counsel. So for him to, and he has to deal with exhaustion, he has to deal with timeliness issues in the federal court. So all of those things combined, I don't think make it realistic to say, hey, you can just file the same petition that was recently denied in the state court, because the circumstances are significantly different. But the government says that's what he did, in fact, that it's the same, essentially the same petition, the same claims, if I'm understanding the government's argument correctly. Is that not correct? Was it a different, was he making different claims or? He contained the four arguments that he had exhausted in the state court in the second go-round regarding ineffective assistance of counsel. So they did contain the same claims. But it was on the form. Was some of the delay caused by the petitioner's own problems that he wouldn't take them, the paper covering the windows or whatever it was to his cell? He, along with a large group of Hispanic inmates, were placed on lockdown. And I think that argument. Was that the reason for it? It was part of it. I think that would be a stronger argument for the government. Had he been the sole person who did something wrong and was administratively segregated, but here there's sort of a collective responsibility from a number of inmates, and laying that on him is unfair. Well, just so I can understand, if you were writing our opinion for us, what is the extraordinary circumstance here? That he was locked down and he did not have access to his legal materials. He didn't have access to a law library. He didn't have access for part of that time to his own legal files. And all of that combined made it impossible. But that happens in a lot of cases. But the Ninth Circuit has held in several cases that lack of access to legal materials may be a circumstance that qualifies for equitable polling. Even if it's his fault that the lockdown occurred? I mean, he could have gotten out by taking the paper off his window, could he not? As far as we know, he couldn't. He may have, Your Honor, but it wasn't that he was solely. . . I understand that, but he was a lot of a group. They were all segregated, and that contributed to the late filing. So sorting that out. But nevertheless, he didn't have access to those legal materials in the months preceding it. And there's a second ground for equitable polling that is less often discussed in the cases, and that is if the petitioner is misled by the government or by the court about the proceedings. And in this case, he was misled by the district court's failure in the initial 2254 petition to stay and obey it. He specifically requested that. That's a procedure that was authorized by this court at the time, and the court really didn't even address that. And also, the district court failed to inform him at the first petition that he could proceed on his three exhausted claims. And the district court order in that first 2254 petition also indicated that he would not be subject to a heightened procedural scrutiny when he filed his second petition. So all of that, our position is, misled him as to what the requirements were for the filing of his second 2254 petition. Now, the second certified issue we're agreed on, both the state and the petitioner, but the court had jurisdiction to rule on the 60B motion after notice of appeal has filed. There's no dispute as to that. And the third certified issue is did the district court properly deny his 60B motion for rehearing. And part of what he raised in that motion was his claim of equitable polling, which we've discussed. But he also argued that he was entitled to a 15C relation back to his first petition. He raised that in his objections to the report, and he raised that in his motion for certificate of appealability. And that was never addressed in any way, shape, or form by the district court. Can I ask you, you're talking about the 02 appeal here, the second appeal, where he filed a motion for a rehearing of the reformulated Rule 60B? Yes, Your Honor. The thing I was confused. I was trying to work through the procedural posture. And the district court denied Mr. Martinez's motion to file a late notice of appeal. And I didn't see that Mr. Martinez had filed a appeal, a notice of appeal from that order. And so I wasn't sure whether we had jurisdiction since he hadn't filed an appeal from the denial of the motion to file the late notice of appeal. I know it gets a little bit crazy. I think he did file a notice of appeal on June 12th from the ‑‑ That was from the district court's denial of the Rule 60B motion and a motion which was late, which was untimely. And he also filed a motion to file a late notice of appeal, which the district court then denied on June 25th. But Mr. Martinez didn't appeal that denial. And I don't know that we would then have jurisdiction to consider the untimely notice of appeal, since the district court didn't approve his motion to file a late notice of appeal, and he didn't appeal that denial. I think the district court held, Your Honor, he didn't need to file a late notice of appeal. He had asked for permission to file a late notice of appeal, and the district court's ruling was it's not necessary. So, actually, the district court held that second appeal was timely, and it was the government rather than him that ‑‑ You mean that was after the court denied him the right to file a late appeal, notice of appeal? I believe, Your Honor, that the court said you don't have to file a late notice of appeal. The court says, worth the effect, late notice of appeal is not required, therefore, notice of appeal. Your motion to file a notice of appeal is denied. That was my understanding of the record. With that, my time is up. Do I have any questions? I'll submit. Thank you. May it please the court, Deputy Attorney General Eric Swanson on behalf of Respondent. As this court is aware, extraordinary circumstances require demonstration of some external, outside force beyond the petitioner's control, which stood in the way of his filing. We do not have that here. In the first place, the doctrine is applied sparingly. It's a rarity. And there's no causal connection here between any deprivation and his inability to file a timely petition. As the district court recognized, all they had to do was resubmit his state habeas claims and his claims below in the petition for review, all of which were fully exhausted, by the way, when four months of the statute of limitations still remained. But his claim under the federal habeas corpus is slightly different than what he would file with the state, right? He'd have to show exhaustion and things like that. Well, that's true, but nonetheless, all of his claims were fully exhausted as of May 8, 2005. Or I'm sorry, as of April 19, 2006, when the California Supreme Court denied his final state habeas. So in this case, this is not the kind of a situation where courts have found that equitable tolling should apply. In the first instance, he said that he was deprived of his legal files for a mere 11 days. This case should be contrasted with cases like Lott v. Mueller or like Espinoza-Matthews, where had equitable tolling been applied, the petitioner would have filed the petition in a timely manner. Here, even if we apply the 11 days of equitable tolling due to the deprivation of legal files, he was still between 2 and 10 days late. And as to the issue concerning his lack of access to the prison law library, oh, and if I may back up just for a moment, I did want to call this court's attention to a case that was filed after a respondent filed its brief, which is Ramirez v. Yates, and that's 571 F. 3rd 993. And I believe that would be a resistance to the court's determination in this case. And if the court would wish it, a respondent would be happy to file a 28-J letter and give appellant the chance to respond as well. What does it say? Well, Ramirez v. Yates found that even if equitable tolling were to apply to the period of time during which there was a complete deprivation of access to legal files, it would not apply to that period after which they were returned, even though the petitioner in that case was still in administrative segregation, and complained about the fact that he had limited access to the law library and a copy machine. And if I just may read a brief passage from that case, the Ramirez court said, given even the most common day-to-day security restrictions in prison, concluding otherwise, that is, permitting the application of equitable tolling, would permit the exception to swallow the rule. According to Ramirez's theory, EDPA's limitations period would be told for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well. Respondent believes that such a position runs contrary to Congress's intent in enacting EDPA, and should not be applied here. There is no demonstration of any causal connection between his lack of access, alleged lack of access to the law library, and his inability to file this petition in a timely manner. How long a period of time was it between the ruling by the state court, and before he was under any kind of a segregation or a problem there where he couldn't file? Yes, I see that the California Supreme Court denied the state habeas petition on April 19th, 2006. As I recall, the segregation began, alleged segregation began on May 31st. So he's had, even there, had almost six weeks before that even kicked in. The issue as to collective responsibility, I think, is a red herring, because my review of the record shows that a respondent himself personally disobeyed the order to remove the covering from the cell windows. So this is not a case where he was being penalized for somebody else's wrongdoing. There's no showing whatsoever that there was any misconduct on the part of prison officials that put the petitioner in this situation. Nor should this court find that the district court in any way misled the petitioner when it dismissed his first petition. At that point, he was not required, the district judge was not required to give petitioner any specific advisals. And this should be contrasted to cases where a petition has been dismissed towards the end, close to the end of the tolling or the expiration of the statute of limitations period. Here, what happened is the state habeas had already been submitted to the court of appeal at that time. And by May 8th, petitioner had filed that habeas. And so at that point, his claims were exhausted, all of his claims were fully exhausted, while there were still four months left upon which for the petitioner to act and file his petition. Consequently, in this case, it's not a situation where there's detrimental reliance or the court's dismissal order left petitioner with no good or no viable option. And as to the Rule 6db motion, respondent would just renew his position, its position that the court did not have, this court does not have jurisdiction to take up the issues concerning the Rule 6db motion or the district court's abuse of discretion in denying that motion. Because no matter how you slice it, any notice that came was late. Okay. And nothing altered that result or alters that result, nor did he present any extraordinary circumstances that might have given the court good cause for extending the time in which to respond, or to file the notice, rather. I'm sorry. Thank you. Are there any further questions? Thank you. I appreciate it, Donna. Thank you. Are there any further questions of the panel to counsel? There don't appear to be any. Thank you. The matter just argued is submitted for decision. The next case, James v. Woodford.
judges: Siler, Schroeder, Ikuta